IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cr186

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ROYCE MITCHELL | ) | |
| | ) | |

**THIS MATTER** is before the Court upon appeal by the government (Doc. No. 29) of a magistrate judge's denial of its motion for reciprocal discovery (Doc. No. 24: Motion; Doc. No. 28: Order).

The defendant is scheduled for a supervised release revocation hearing on Tuesday, November 24, 2009. (Doc. No. 14: Order). The defendant moved for discovery orally and in writing (Doc. No. 7: Motion), which the magistrate judge granted (Doc. No. 23: Order). After providing discovery material to the defendant, the government filed a motion for reciprocal discovery pursuant to Fed. R. Crim. P. 16 and for early disclosure of witness statements pursuant to Rule 26.2 (Doc. No. 24), to which the defendant objected (Doc. No. 27: Response). The magistrate judge determined that the defendant's reciprocal obligations of Rule 16 were not triggered by the defendant's request for discovery under Rule 32.1. (Doc. No. 28: Order at 2). Additionally, while the magistrate judge encouraged the defendant to disclose witness statements early to preserve the efficiency of the hearing, the court recognized that such disclosure could not be mandated under Rule 26.2. (Id. at 3).

The instant appeal involves a non-dispositive discovery matter; therefore, the Court's review is limited to determining whether the magistrate judge's decision was contrary to law or

clearly erroneous. Fed. R. Crim. P. 59(a).  The government has not provided any authority that reciprocal discovery is mandated by Rule 32.1 or that early disclosure of witness statements can be ordered under Rule 26.2.  Instead, the government contends that by orally requesting discovery at the detention hearing, the defendant triggered the reciprocal obligations of Rule 16 when the government complied with the request.

It appears that Rule 16 addresses itself to obligations in criminal matters proceeding to "trial." Fed. R. Crim. P. 16 (a)(1)(A), (a)(1)(E)(ii), (a)(1)(F)(ii), (b)(1)(A)(ii), (b)(1)(B)(ii), (b)(1)(C).  The government has not shown any authority for applying Rule 16 to supervised release hearings, nor has the Court found any.  Therefore, the magistrate judge's decision that the government was not entitled to discovery under Rule 16 is not contrary to law.  Additionally, the magistrate judge's factual conclusion that the defendant did not request discovery under Rule 16 is not clearly erroneous, even though, as the magistrate judge noted, the defendant has reaped the benefit of the government's open file discovery while using the rules of criminal procedure to shield reciprocal production.

Finally, the magistrate judge correctly concluded that Rule 26.2, made applicable to supervised release hearings by Rule 32.1(e), does not require disclosure of witness statements until after the witness has testified on direct examination.  The Court shares the magistrate judge's concern about the potential for delay during the hearing if the defendant chooses not to provide early disclosure.  Such delay may extend the hearing into the following or subsequent days.

**IT IS, THEREFORE, ORDERED** that the government's appeal is **DENIED**.

Signed: November 20, 2009

_Robert J. Conrad, Jr._
Robert J. Conrad, Jr.
Chief United States District Judge